THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 1, 2017



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Christopher A. Nelson,              Case No. 16-22089-beh

                    Debtor.                   Chapter 13

**DECISION AND ORDER ON APPLICATION FOR COMPENSATION**

The matter before the court is the application of debtor's counsel for compensation and disbursements. Because some of the services claimed are noncompensable clerical tasks, or are duplicative of other entries, the application is approved in part and denied in part.

**Background Facts and Procedural History**

On March 11, 2016, the debtor filed this chapter 13 case. Eight months later, on November 10, 2016, the court sustained the trustee's affidavit of default for the debtor's failure to make plan payments and dismissed the case. Before the case was dismissed, debtor's counsel filed an application for compensation seeking allowance of $6,654.43, representing $6,637.50 for legal services rendered and $16.93 in expenses. No parties objected to counsel's application for compensation.

The fee application reflects that the bulk of the services, including meetings with and letters to the client, were performed by one or more paralegals. Counsel's own work represents slightly less than one-third of the fees billed.[1] The paralegal(s) who worked on the debtor's case are not named, nor does the application include a description of their qualifications. Several of the time entries include multiple services, such that it is difficult to tell how much time was spent on each task.

The court held an initial hearing on counsel's application for compensation on November 8 in conjunction with the trustee's affidavit of default. The court raised concern over the application because it appeared to request compensation for clerical work performed by paralegals, and also appeared to reflect some duplication of effort. The court identified particular entries of concern to counsel and referred counsel to helpful case law explaining when paraprofessional work is and is not compensable. The court afforded counsel the opportunity to revise his application, ordered the chapter 13 trustee to hold the funds on hand pending the resolution of counsel's application, and set an adjourned hearing on the matter for November 22.

On November 21, counsel filed an amended fee application. The amendment contained some expanded descriptions of the non-lawyer tasks performed, and changed the timekeeper designation from "staff" to "paralegal." The amended fee application sought allowance of the same total amount as the original application. On November 22, the court held the adjourned hearing on counsel's fee application and took the matter under advisement.

Because the court concludes that counsel's amended fee application impermissibly seeks recovery of $975.00 for work performed by paraprofessionals that is either clerical or duplicative, counsel's fee application will be reduced accordingly. The particular time entries have been included in this decision as exhibits, and marked to reflect disallowance. The particular

---

[1] The court calculated this ratio on its own. The fee application did not contain a summary of services provided by each timekeeper, contrary to Local Rule 2016(a)(2).

basis for disallowance is reflected by a handwritten numerical notation that appears on the margin of each underlined entry. The numerical notations correspond to the enumerated paragraphs below. *See, e.g., In re Canopy Financial, Inc.,* No. 09 B 44943, 2015 WL 2330170 (Bankr. N.D. Ill. May 12, 2015). Where the clerical or duplicative entry is part of a block billing entry, the court, in this instance, made a conservative reduction instead of a total disallowance. *Compare, In re Harry Viner, Inc.,* 520 B.R. 268, 275 (Bankr. W.D. Wis. 2014) (opaque billing practices are subject to disallowance).

## Jurisdiction

This court has jurisdiction over the issue before it pursuant to 28 U.S.C. section 1334. Applications for compensation and reimbursement of expenses under 11 U.S.C. section 330 are core proceedings insofar as they concern the administration of the estate and are proceedings for the allowance of claims against the estate. 28 U.S.C. § 157 (b)(2)(A),(B), & (O).

## Applicable Law and Rules

The Code authorizes reasonable compensation for actual, necessary services rendered by an attorney or paraprofessional. 11 U.S.C. § 330(a)(1)(A). In chapter 13 cases, the court allows compensation based on a consideration of the benefit and necessity of such services to the debtor. 11 U.S.C. § 330(a)(4)(B). This district, like a number of other courts, has adopted a presumed reasonable amount of compensation for chapter 13 cases filed on or after December 1, 2010, also known as a "no look" fee. *See In re Geraci*, 138 F.3d 314, 321 (7th Cir. 1998). For chapter 13 cases, the presumed reasonable amount of attorney compensation is $3,500.[2] For chapter 13 cases that include a motion to participate in the court's Mortgage Modification Mediation Program, filed after December 1, 2011, the presumed reasonable amount of compensation is increased to $4,000. *Id.* These presumed reasonable amounts are appropriate because they allow the court and attorneys to save

---

[2] No Look Fees, WIEB.USCOURTS.GOV, *available at* https://www.wieb.uscourts.gov/no-look-fees.

time by not mandating the filing and review of fee applications in most cases, while also not foreclosing counsel from seeking more compensation when warranted, or the court from review.  *In re Brennan*, No. 12-71327, 2013 WL 4046447, at *5–6 (Bankr. C.D. Ill. Aug. 8, 2013); *Geraci*, 138 F.3d at 321; *In re Murray*, 330 B.R. 732, 733 (Bankr. E.D. Wis. 2005) (describing chapter 7 no-look fee); 11 U.S.C. § 329(b).  Typically, attorneys may seek additional compensation in cases that are more complex or require more time than the average.  *Geraci*, 138 F.3d at 321, citing COLLIER ON BANKRUPTCY ¶ 329.04[1][a], at 329–16 & 329–17.

      Section 330(a)(1)(A) of the Code includes compensation of paraprofessionals because their work can reduce the cost of administering bankruptcy cases.  *See In re Gvazdinskas*, No. 08-73105, 2010 WL 1433308, at *3 (Bankr. C.D. Ill. Apr. 8, 2010), citing H.R. Rep. No. 595, 95th Congr., 1st Sess. 329–30 (1977).  A legal paraprofessional has obtained education or training by which he or she can perform certain substantive work delegated by the lawyer, and for which the lawyer remains ultimately responsible.  *Id.*  If such work is reasonable and necessary, it is compensable.  Conversely, clerical tasks, whether performed by a lawyer or staff person, are charged to overhead and are not separately compensable.  *Id.*  Many courts insist that the fee application include the paraprofessional's specific experience and qualifications before his or her services will be deemed compensable.  *See id.*, 2010 WL 1433308, at *4; *In re Bergae*, No. 13-71645, 2014 WL 1419586, at *7 (Bankr. C.D. Ill. Apr. 11, 2014); *In re Brennan*, No. 12-71327, 2013 WL 4046447, at *8 (Bankr. C.D. Ill. Aug. 8, 2013); *CF & I Fabricators of Utah, Inc.,* 131 B.R. 474, 493 (D. Utah 1991) (citing *In re Carter*, 101 B.R. 170, 175 (Bankr. D.S.D. 1989)).

      Local Rule 2016 describes the relevant information required for a fee application, including (a)(1), a "chronological record of time spent on a case, including the individual(s) participating . . . , with each task recorded in tenths of an hour . . . ," (a)(2), a "summary of the time expended by each person for

whom compensation is sought," and (a)(4), an "explanation of the need for compensation of more than one professional attending a hearing or meeting or the need for more than one level of review of work produced, in each instance for which multiple compensation is sought."

When counsel files an application for fees, the burden of proving that the actual fee is reasonable is on the lawyer requesting the fee. Even though no party objected to counsel's fee application, the court has an independent duty to review each fee application. 11 U.S.C. § 329(b). It is a fact-specific inquiry, and the determination of compensability is within the sound discretion of the court.[3] *Geraci*, 138 F.3d at 318–19.

### 1. Clerical Work is Not Compensable

As noted above, tasks performed by paralegals may be compensated separately only if the tasks are more substantive than clerical work; work that is clerical or secretarial in nature, regardless of who performs it, should be treated as an overhead expense and not separately recoverable. *Brennan*, 2013 WL 4046447, at *7; *CF & I Fabricators*, 131 B.R. at 489. Clerical tasks include "typing, data entry, checking court dockets or court dates, manually assembling, collating, marking, processing, photocopying, [and] mailing documents," and "updating claim registers and databases." *CF & I Fabricators*, 131 B.R. at 492; *see also Bergae*, 2014 WL 1419586, at *5 (filing/uploading documents to the docket is a clerical task)*; Brennan*, 2013 WL 4046447, at *7–8 (clerical services include "drafting of letter," "creating PDF," "calendaring," and "inputting data into a computer program"—billed as "drafting petition and schedules" where information was previously obtained by an attorney); *CF & I Fabricators*, 131 B.R. at 485–86 (proofreading data, and time spent finding and

---

[3] This case does not appear to be complex. The debtor remained in the case for approximately eight months, counsel successfully opposed one motion to dismiss and one motion for relief from stay, and filed one amended plan and the motion to participate in the MMM Program. While the court does not hold that $6,637.50 would be excessive in all cases of a similar duration, such an amount, which represents approximately a 66% increase over the no-look fee, appears potentially excessive given the relatively short duration and light motion practice, and therefore warranted court review. *See* 11 U.S.C. § 330(a)(4)(B).

correcting mistakes is overhead); *but see, In re Murray,* 330 B.R. at 734–37 (counsel did not bill for one hour of paralegal time to enter information for debtor's chapter 7 schedules into the computer, but court included that hour for purposes of comparing actual time spent versus the substantially higher flat fee charged). While clerical tasks often are necessary to the administration of the estate and provide process value to the debtor, those tasks do not justify *additional* compensation because payment for those services should be built into the professional's rate. *CF & I Fabricators*, 131 B.R. at 489 n.16.

The focus is on the particular task itself, and not on the title of the person who performed it. To determine whether a paraprofessional's work is compensable, a court should look at the kind of services traditionally charged to overhead, the amount of discretion allowed to the paraprofessional, the experience or education required to accomplish the assignment, the responsibility delegated to the paraprofessional and the amount of supervision retained by the professional. *See Bergae*, 2014 WL 1419586, at *7; *CF & I Fabricators*, 131 B.R. at 493; *Brennan*, 2013 WL 406447, at *8.

As to the kind of services charged here, the court considers activities described only as "prepare all documents for filing" and "enter information into program" as akin to typing or data entry and not compensable. Likewise, "reviewing for accuracy" is generally akin to proofreading, and not compensable. Some entries here would be considered clerical by other courts—*e.g.,* "calculate filing date" or "client letter"—but because the debtor's main point of contact appears to be the paralegal throughout this case, the court is unwilling to deem all of those entries as purely clerical. A number of the entries could have benefitted from further elaboration, such that the court could better ascertain who was performing the service, and whether it was reasonable, necessary and of value to the estate. *See, e.g.,* "04/18/2016 Client letter regarding Ditech assigned account representative. (paralegal)". Other entries clearly fit the caselaw description of clerical tasks. Services marked

with a "1" are disallowed as noncompensable clerical tasks that should be included in overhead.

      As to the qualifications of the paralegals here, counsel did not supply the name or names of the paralegals working on the debtor's case.  Local Rule 2016(a)(1) requires "a chronological record of time spent on a case, including the individual(s) participating . . . ."  The name or names should have been provided.  The fee application also does not include a description of the non-lawyers' training, experience or degree of supervision.  Instead, all non-lawyer time was logged simply as "paralegal."  Our Local Rules do not require this information expressly.  In contrast, other courts have disallowed compensation for clearly legal services because the fee application failed to provide the experience and qualifications of the paraprofessional rendering the service. *See Bergae,* 2014 WL 1419586, at *7; *Brennan,* 2013 WL 406447, at *8. Because no decisions from this district, nor its Local Rules, have adopted that requirement which other courts enforce, it is not a basis to strike all paraprofessional entries in the instant fee application.  But consistent with the court's independent duty to review fee applications, 11 U.S.C. § 329(b), it may ask counsel to submit the qualifications of his or her paraprofessionals in a future review, if that information would assist the court in determining whether the particular services were reasonable and beneficial to the debtor.

### 2. Duplication of Services

      The court denies allowance of compensation for services that duplicate those of another professional or paraprofessional.  *See* 11. U.S.C. § 330(a)(4)(A)(i).  Courts recognize that a fee reduction is warranted if, for example, multiple attorneys from the same firm appear for the same hearing, unless counsel adequately demonstrates that each attorney appearing contributed in some meaningful, discrete way.  *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) ("A debtor's estate should not bear the burden of duplication of services.  If found in the record, such duplication shall be disallowed by the court as unnecessary.").  Likewise, unless the record reflects

a meaningful, discrete contribution by both professional and paraprofessional, or by the (apparently) same paraprofessional on two different dates, duplicate entries for the same service will be disallowed. *See* L.R. 2016(a)(4).

For example, it appears that the wrong property and mortgage creditor were named in the original MMM motion. *Compare* CM-ECF, Doc. No. 42, *with* Doc. No. 45; September 1 and September 7, 2016, billing entries. The debtor should not bear the cost of this mistake, without more. *See In re Ryan*, 517 B.R. 905, 909 (Bankr. E.D. Wis. 2014) (services necessitated by law firm's clerical or legal errors do not benefit the debtors, are not reasonable and should not be compensated). Another set of entries reflects charges by both counsel and paralegal for meeting together to review a stipulation resolving a motion for relief from stay. The separate value added by the paralegal, beyond counsel's own legal review, is not described. Services marked with a "2" are disallowed as noncompensable duplicate services.

### 3. Block Billing

Another impediment to determining whether the work described was reasonable and of benefit to the debtor, is the recording of work in composite fashion or "block billing." From a practitioner's perspective, combining all activities in a single entry may be efficient. But cumulative entries hinder the court—and even a debtor who ultimately is responsible for paying the fee—from determining how much time was spent on discrete tasks. That quantitative information is important in determining reasonability, at least. Fed. R. Bankr. P. 2016(a). Our sister court has recognized that "lump billing" can be practical and acceptable in some instances, *see In re Harry Viner, Inc.*, 520 B.R. at 276, but there must be "a balance between the separation of entries to provide reasonable detail for the entry, including the amount of time, against unnecessary demands to provide excessive separation of time when, in the aggregate, the time is relatively minimal or the activities are similar, such as review of numerous e-mails all related to the same subject." *See also, In re Chellino,* 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (services lumped together

such that the court is unable to determine the amount of time spent on each individual service cannot form the basis for the compensation requested). Our Local Rule 2016(a)(1) prohibits block billing, when it requires "a chronological record of time spent on a case . . . with each task recorded in tenth of an hour . . . ." Some courts disallow time that constitutes block billing because the aggregate billing prevented the timekeeper from sustaining his burden of proving that his fees are reasonable. *See In re Britt,* 551 B.R. 522, 524 (Bankr. N.D. Fla. 2016) (discussing cases).

Here, the application contains several entries improperly aggregating multiple tasks into one billing entry. For block billing entries that include noncompensable clerical or duplicate services, the court has attempted to determine the reasonable value of the separate tasks within the aggregate entry. *See Britt,* 551 B.R. at 525. The court has not taken the step of entirely disallowing the value of block entries, but cautions counsel to comply with Local Rule 2016(a)(1) in the future.

Accordingly,

**IT IS ORDERED** that compensation in the total amount of $5,679.43 (constituting $5,662.50 in fees, and $16.93 in expenses) is **ALLOWED** under 11 U.S.C. section 330(a)(4)(B). The trustee is authorized to release the funds she has on hand to debtor's counsel for payment of his allowed administrative expense claim.

#####

KINGSTAD LAW FIRM, LLC
ATTORNEYS AT LAW
8081 West Layton Avenue
Greenfield, Wisconsin 53220
Telephone (414) 281-5500
Facsimile (414) 281-5444

Christopher Nelson
1930 South 91st Street, #4
West Allis WI 53227

Page: 1
11/21/2016
Account No: 13203-00
Statement No: 20730

Chapter 13 Bankruptcy

Interim Statement

## Fees

| Date | Description | Hours | Amount |
|---|---|---|---|
| 07/08/2015 | Meeting with client to start bankruptcy process. (dgk) | 1.00 | 300.00 |
| 07/27/2015 | Meeting with client to sign paperwork. (dgk) | 0.50 | 150.00 |
| 10/16/2015 | Meeting with client to gather documents and review information. (paralegal) | 1.00 | 150.00 |
| 12/01/2015 | (i) Review bankruptcy paperwork to ensure accuracy; meet with client to review and sign paperwork. [paralegal] | 1.00 ~~1.50~~ | 150.00 ~~225.00~~ |
| 03/04/2016 | Review file for status and calculate filing date; prepare letter to client regarding preparation of case for filing. [paralegal] | 0.30 | 45.00 |
| 03/08/2016 | Review status of foreclosure case and prepare letter to client regarding upcoming confirmation hearing and necessity to file case. [paralegal] | 0.30 | 45.00 |
| 03/11/2016 | Review all paperwork to ensure accuracy of electronic filing and (i) prepare all documents for filing; electronically file case. [paralegal] | .50 ~~1.00~~ | 75.00 ~~150.00~~ |
| 03/23/2016 | (i) Review Notice of Appearance filed by The Bureaus, Inc., and check claim and debt validity re claimant against information from client; enter notice of appearance into (i) bankruptcy program. [paralegal] | .10 ~~0.30~~ | 15.00 ~~45.00~~ |
| 03/24/2016 | Prepare draft of motion to extend deadline to file schedules, proposed order and AOS. Electronically file same. (paralegal) (i) | .90 ~~1.00~~ | 135.00 ~~150.00~~ |
|  | Revise draft of motion to extend deadline to file schedules and proposed order. (dgk) | 0.30 | 90.00 |
|  | Review information received from client for preparation of schedules and Plan; enter information into bankruptcy program to prepare schedules and prepare draft of Plan. (paralegal) | 1.40 ~~2.00~~ | 210.00 ~~300.00~~ |
| 04/01/2016 | Prepare bankruptcy schedules and draft of proposed bankruptcy Plan. [paralegal] | 2.00 | 300.00 |
| 04/04/2016 | Final review of schedules and Plan to ensure accuracy and completion; (i) electronically file same. [paralegal] | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
|  | Meet with client to review and sign completed schedules and Plan. [paralegal] | 1.00 | 150.00 |
|  | Review completed schedules and Plan. (dgk) | 0.50 | 150.00 |

Christopher Nelson

Chapter 13 Bankruptcy

Page: 2
11/21/2016
Account No: 13203-00
Statement No: 20730

| Date | Description | Hours | Amount |
|---|---|---|---|
| 04/05/2016 | Review court order filed regarding Chapter 13 payments. [paralegal] | 0.30 | 45.00 |
| | Review case for status and prepare letter to client regarding future critical dates and additional information for bankruptcy case. [paralegal] | 0.50 | 75.00 |
| | Review letter received from mortgage lender regarding authorization to negotiate; prepare letter to client regarding request for authorization forms. [paralegal] | 0.30 | 45.00 |
| 04/06/2016 | Review request for documents from bankruptcy Trustee and assemble documents for transmittal to Trustee. [paralegal] | ~~0.50~~ | ~~75.00~~ |
| 04/08/2016 | Review notice of change of address request and check information re address; prepare and electronically file notice of change of address for debtor. [paralegal] | .15 ~~0.30~~ | 22.50 ~~45.00~~ |
| 04/14/2016 | Review and compare claim information filed in case against information provided by debtor; upload claim information into bankruptcy program. [paralegal] | .30 ~~0.50~~ | 45.00 ~~75.00~~ |
| 04/18/2016 | Client letter regarding Ditech assigned account representative. (paralegal) | 0.30 | 45.00 |
| 04/25/2016 | Review file for upcoming 341 hearing and check that all documents have been provided to Trustee; assemble additional documents for transmittal to Trustee. [paralegal] | .25 ~~0.50~~ | 37.50 ~~75.00~~ |
| 04/26/2016 | Review claim filed in bankruptcy case and check against information provided by client; check effect of claim on bankruptcy case and enter claim (#2) into bankruptcy program. [paralegal] | .20 ~~0.30~~ | 30.00 ~~45.00~~ |
| 04/28/2016 | Review file, prepare for and attend hearing. Travel to/from hearing. (dgk) | 1.80 | 540.00 |
| 05/05/2016 | Review claim filed in bankruptcy case and check against information provided by client; check effect of claim on bankruptcy case and enter claim (#3) into bankruptcy program. [paralegal] | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
| 05/25/2016 | Prepare notice and motion to participate in mediation program and prepare letter to client re same. [paralegal] | 1.00 | 150.00 |
| | Review file for status of adjourned 341 hearing and issues arising from original hearing. [paralegal] | 0.50 | 75.00 |
| 06/10/2016 | Review Notice of Appearance received from Attorney Alex Martin for CitiMortgage and review status of foreclosure case and mortgage arrears for effect of possible claim on bankruptcy. [paralegal] | 0.30 | 45.00 |
| 07/07/2016 | Review motion to dismiss case and objection to confirmation of Plan by trustee. (paralegal) | 0.50 | 75.00 |
| | Client letter regarding MTD. (paralegal) | 0.30 | 45.00 |
| 07/14/2016 | Review claim filed in bankruptcy case and check against information provided by client; check effect of claim on bankruptcy case and enter claim (#4) into bankruptcy program. [paralegal] | .20 ~~0.30~~ | 30.00 ~~45.00~~ |
| 07/22/2016 | Review claim filed in bankruptcy case and check against information provided by client; check effect of claim on bankruptcy case and enter claim (#5) into bankruptcy program. [paralegal] | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
| | Review Notice of Appearance entered by Attorney Drout for JPMorgan Chase Bank; | | |

Christopher Nelson  
Chapter 13 Bankruptcy

Page: 3  
11/21/2016  
Account No: 13203-00  
Statement No: 20730

| Date | Description | Hours | Amount |
|---|---|---|---|
| | check conflicts and history of foreclosure case re same. [paralegal] | 0.30 | 45.00 |
| | Client second letter regarding MMM Program. (paralegal) | 0.30 | 45.00 |
| 07/25/2016 | Review MRS filed by CitiMortgage, Inc. (paralegal) | 0.50 | 75.00 |
| 07/27/2016 | Review claim filed in bankruptcy case and check against information provided by client; check effect of claim on bankruptcy case and enter claim (#6) into bankruptcy program. [paralegal] | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
| | Meeting with client regarding MRS. (paralegal) | 0.50 | 75.00 |
| 07/28/2016 | Prepare draft and electronically file affidavit of roommate for contributions. (paralegal) | .60 ~~0.75~~ | 90.00 ~~112.50~~ |
| | Revise draft affidavit of roommate for contributions. (dgk) | 0.30 | 90.00 |
| | Prepare draft of objection to MTD, AOS and Notice of Hearing. Electronically file. (paralegal) | .60 ~~0.75~~ | 90.00 ~~112.50~~ |
| | Revise draft of objection to MTD. (dgk) | 0.50 | 150.00 |
| 08/08/2016 | Prepare draft of objection to MRS and AOS. Electronically file. (paralegal) | .60 ~~0.75~~ | 90.00 ~~112.50~~ |
| | Revise draft of objection to MRS. (dgk) | 0.50 | 150.00 |
| 08/19/2016 | Meet with Attorney Kingstad re outline of resolution of motion for relief from stay and assemble signed stipulation for transmittal to Attorney Martin and to client. [paralegal] | ~~0.30~~ | ~~45.00~~ |
| | Reviewing and signing stipulation for MRS. (dgk) | 0.30 | 90.00 |
| | Prepare correspondence to client regarding resolution of motion for relief from stay with signed stipulation. [paralegal] | 0.50 | 75.00 |
| 08/22/2016 | Review proposed Order on stipulation resolving MRS. (paralegal) | 0.30 | 45.00 |
| 08/23/2016 | Prepare and send copy of stipulation to trustee's office and client. (paralegal) | .25 ~~0.50~~ | 37.50 ~~75.00~~ |
| | Meeting with client for MMM documents. (paralegal) | 0.50 | 75.00 |
| 08/24/2016 | Prepare and electronically file amended schedules and Plan. (paralegal) | 1.00 ~~1.50~~ | 150.00 ~~225.00~~ |
| | Review amended schedules and Plan. (dgk) | 0.50 | 150.00 |
| 09/01/2016 | Prepare and electronically file Notice and Motion for MMM Program. (paralegal) | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
| 09/07/2016 | Prepare and electronically file amended Notice and Motion for MMM Program. (paralegal) | ~~.40~~ ~~0.50~~ | ~~60.00~~ ~~75.00~~ |
| 09/14/2016 | Review transfer of claim (#6) filed in bankruptcy case and revise information related to secured creditor; review bankruptcy program information re creditor. [paralegal] | 0.30 | 45.00 |
| 09/19/2016 | Review consent to MMM Program received from secured creditor; review status overall of mediation documents received from client and check readiness for mediation. [paralegal] | 0.50 | 75.00 |
| 09/30/2016 | Client letter regarding order signed for MMM need information and to schedule an appointment. (paralegal) | 0.50 | 75.00 |
| 10/04/2016 | Meeting with client, review and upload documents into DMM Portal. (paralegal) | 1.30 ~~1.50~~ | 180.00 ~~225.00~~ |
| 10/06/2016 | Review documents received from client pertaining to loan mediation and check | | |

Page: 4
11/21/2016
Account No: 13203-00
Statement No: 20730

Christopher Nelson

Chapter 13 Bankruptcy

|  |  | Hours |  |
|---|---|---|---|
| | overall progress of documents requested for compliance with mediation requests; upload documents into portal and check progress of mediation. [paralegal] | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
| 10/12/2016 | Review progress of documents provided for readiness for mediation; prepare and electronically file certificate of readiness for mediation. [paralegal] | .40 ~~0.50~~ | 60.00 ~~75.00~~ |
| | Review affidavit of default filed by trustee and analyze payment history. (paralegal) | 0.50 | 75.00 |
| | Review notice of appointment of mediator; check progress of mediation and additional deadlines. [paralegal] | .20 ~~0.30~~ | 30.00 ~~45.00~~ |
| | For Current Services Rendered | 38.05 | 6,637.50 |

### Expenses

| Date | Description | Amount |
|---|---|---|
| 03/04/2016 | Postage | 0.48 |
| 03/08/2016 | Postage | 0.48 |
| 04/05/2016 | Postage | 0.96 |
| 04/18/2016 | Postage | 0.46 |
| 04/28/2016 | Parking fee | 2.00 |
| 04/28/2016 | Mileage to/from Bankruptcy Court. | 9.79 |
| 05/25/2016 | Postage | 0.46 |
| 07/07/2016 | Postage | 0.46 |
| 07/22/2016 | Postage | 0.46 |
| 08/19/2016 | Postage | 0.92 |
| 09/30/2016 | Postage | 0.46 |
| | Total Expenses | 16.93 |
| | Total Current Work | 6,654.43 |
| | Balance Due | $6,654.43 |
| | Please Remit | $6,654.43 |

RETAINERS ARE NON-REFUNDABLE. FEES AND COSTS IN EXCESS OF YOUR RETAINER WILL BE BILLED.
IF YOUR CASE IS A FLAT-FEE CASE, THIS BILL IS FOR SERVICES IN EXCESS OF YOUR FLAT FEE.
BALANCES NOT PAID WILL INCUR A CHARGE OF 1.5% PER MONTH.